1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **CENTRAL DISTRICT OF CALIFORNIA**

10

11  ERRICK EUGENE GILMORE,        )  NO. EDCV 13-1698-AG (KK)
                                  )
12                  Plaintiff,    )
                                  )  **FINAL REPORT AND RECOMMENDATION OF**
13          v.                    )  **UNITED STATES MAGISTRATE JUDGE**
                                  )
14  USP VICTORVILLE,              )
    et al.,                       )
15                                )
                    Defendants.   )
16                                )
    _____   )
17

18

19      This Report and Recommendation is submitted to the Honorable

20  Andrew J. Guilford, United States District Judge, pursuant to the

21  provisions of 28 U.S.C. § 636 and General Order 05-07 of the United

22  States District Court for the Central District of California.

23                                **I.**

24                     **SUMMARY OF RECOMMENDATION**

25      On June 14, 2014, plaintiff Errick Eugene Gilmore ("Plaintiff"),

26  a federal prisoner proceeding pro se, filed a Fifth Amended Complaint

27  ("FAC") pursuant to Bivens v. Six Unknown Named Agents of the Fed.

28  Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619

1   (1971).  Plaintiff names twenty-five defendants.  For the reasons

2   stated below, it is recommended that the Court (1) dismiss defendants

3   USP - Victorville, Lieutenant Ware, Unit Manager LeJeune, and

4   Counselor Ferguson; and (2) dismiss all claims against defendants in

5   their official capacity without leave to amend.[1]

6                                  **II.**

7                 **PROCEDURAL AND FACTUAL BACKGROUND**

8   **A.    PROCEDURAL HISTORY**

9       On September 19, 2013, Plaintiff lodged a <u>Bivens</u> <u>pro se</u> civil

10  rights Complaint against thirty-two defendants.  Docket ("dkt.") 3.

11  On September 26, 2013, the Court[2] ordered the Complaint filed, but

12  further ordered Plaintiff to file a First Amended Complaint on the

13  standard civil rights complaint form in compliance with Federal Rule

14  of Civil Procedure 8.  Dkt. 6.  The Court further ordered limited

15  service of the original Complaint in order to address Plaintiff's

16  request for injunctive relief in the form of immediate medical

17  treatment.  <u>Id.</u>

18      On November 15, 2013, Plaintiff filed his First Amended

19  Complaint.  Dkt. 28.  Despite the Court's instructions, Plaintiff

20  failed to utilize the standard civil rights complaint form in

21  compliance with Federal Rule of Civil Procedure 8.  <u>See</u> First Amended

22  Complaint, dkt. 28.  On November 19, 2013, the Court held a

23  telephonic conference at which time it was informed that Plaintiff

24  _____

25      [1]  The Court has concurrently ordered service on the defendants sued
    in their individual capacities who are not otherwise subject to
26  dismissal.

27      [2]  This case was previously assigned to Magistrate Judge Patrick J.
    Walsh, but was transferred pursuant to Order of the Chief Magistrate
28  Judge on July 1, 2014.  <u>See</u> Order of Chief Judge, dkt. 51.

had been transferred by the Bureau of Prisons to the Federal
Correctional Complex in Coleman, Florida. See Minutes of Telephonic
Conference, dkt. 31. Thus, the Court found it lacked jurisdiction
over Plaintiff's requests for medical relief and immediate medical
attention from federal authorities in Florida. The First Amended
Complaint was, thus, dismissed with leave to amend. Id.

On December 17, 2013, Plaintiff filed a Second Amended
Complaint. Dkt. 33. Following initial screening, the Court
dismissed the Second Amended Complaint with leave to amend. See
Minutes of Telephonic Conference Re: Second Amended Complaint, dkt.
42. The Court found, among other things, that Plaintiff had "not
alleged who he is suing and for what." Id.

On March 24, 2014, Plaintiff filed a Third Amended Complaint.
Dkt. 43. On June 11, 2014, Plaintiff left a voicemail for the
Court's clerk requesting leave to file a Fourth Amended Complaint.
See Minute Order in Chambers, dkt. 50. On June 12, 2014, the Court
granted Plaintiff's request and ordered a Fourth Amended Complaint to
be filed no later than July 14, 2014. Id.

On June 14, 2014, Plaintiff filed a Fourth Amended Complaint.
Dkt. 53. Following initial screening, the Court ordered the Fourth
Amended Complaint dismissed with leave to amend. Dkt. 54. The Court
found the Fourth Amended Complaint suffered from numerous
deficiencies, including, (1) failing to allege any facts or claims
with respect to ten of the named defendants; (2) improperly naming
USP - Victorville as a defendant; and (3) failing to identify which
defendants were involved in each alleged claim. Id.

**B.   ALLEGATIONS IN THE FIFTH AMENDED COMPLAINT**

On August 28, 2014, Plaintiff filed his Fifth Amended Complaint.

3

1   Plaintiff names twenty-four (25) defendants: (1) United States
2   Penitentiary at Victorville, California ("USP - Victorville"); (2)
3   Warden Linda McGrew; (3) Captain Wise; (4) Lieutenant Martinez; (5)
4   Lieutenant Hurte; (6) Ross Quinn, M.D.; (7) Unit Manager LeJuene; (8)
5   Counselor Ferguson; (9) Corrections Officer ("CO") Armodar; (10) CO
6   Valez; (11) Lieutenant Menendaz; (12) Lieutenant Halstead; (13)
7   Physician's Assistant Esquetini; (14) registered Nurse Benson; (15)
8   CO Marroquin; (16) CO Garibay; (17) CO Hill; (18) CO Alamilla; (19)
9   CO Jiminez; (20) CO Barton; (21) Lieutenant Ware; (22) CO Milton;
10  (23) CO Hawley; (24) CO Ortiz; and (25) Registered Nurse Dodd
11  (collectively "Defendants"). (See FAC at 1-3).[3]  Plaintiff sues all
12  defendants in both their individual and official capacities. Id.

13       While Plaintiff does not enumerate specific claims, this Court
14  construes the FAC to generally allege five claims.  Specifically, the
15  FAC alleges Defendants violated his civil rights by (1) intentionally
16  exposing the plaintiff to the threat of assault by other inmates,
17  specifically members of the prison gang "Dirty South," in violation
18  of Plaintiff's Eighth Amendment rights; (2) intentionally exposing
19  the Plaintiff to the threat of assault by inmate Hosley in violation
20  of Plaintiff's Eighth Amendment rights; (3) ignoring Plaintiff's
21  known medical needs and requirements in violation of Plaintiff's
22  Eighth Amendment rights;(4) depriving Plaintiff of basic necessities
23  in violation of Plaintiff's Eighth Amendment rights; and (5) failing
24  to process and destroying administrative grievances in violation of
25
26
27       [3]   Because the FAC does not contain page numbers, the Court's
    pagination refers to the pages reflected on the ECF Docket for the FAC,
28  Dkt. 59.

1    Plaintiff's due process rights.   (<u>Id.</u> at 4-15).[4]

2        Plaintiff seeks compensatory and punitive damages in the amount

3    of ten million dollars.   (<u>Id.</u> at 16-17).

4                                 **III.**

5                          **STANDARD OF REVIEW**

6        Complaints such as Plaintiff's are subject to the court's <u>sua</u>

7    <u>sponte</u> review under provisions of the Prison Litigation Reform Act of

8    1996 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).   <u>See</u> 28

9    U.S.C. § 1915A(a).   The court shall dismiss such a complaint, at any

10   time, if the court finds it (1) is frivolous or malicious; (2) fails

11   to state a claim on which relief may be granted; or (3) seeks

12   monetary relief from a defendant immune from such relief.   <u>See</u> 28

13   U.S.C. § 1915(e)(2)(B)(<u>in</u> <u>forma</u> <u>pauperis</u> complaints); 28 U.S.C.

14   § 1915A(b)(prisoner complaints against government defendants); 42

15   U.S.C. § 1997e(c)(complaints re: prison conditions); <u>Lopez v. Smith</u>,

16   203 F.3d 1122, 1126-27 and n.7 (9th Cir. 2000)(*en banc*).

17       The PLRA review for failure to state a claim utilizes the

18   standard applied in reviewing a motion to dismiss pursuant to Fed. R.

19   Civ. P. 12(b)(6).   <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th

20   Cir. 1998).   A Rule 12(b)(6) motion to dismiss for failure to state a

21   claim tests the legal sufficiency of a claim for relief.   <u>Navarro v.</u>

22   <u>Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).   "In deciding such a

23   motion, all material allegations of the complaint are accepted as

24   true, as well as all reasonable inferences to be drawn from them."

25

26       [4] Because the Court finds that Plaintiff has sufficiently stated
     a claim with respect to those defendants not addressed in this Report
27   and Recommendation (for whom service has been ordered), this Report and
     Recommendation is limited to those defendants for whom the Court finds
28   Plaintiff has failed to sufficiently state a claim.

1    _Id._  "A Rule 12(b)(6) dismissal may be based on either a 'lack of a

2    cognizable legal theory' or 'the absence of sufficient facts alleged

3    under a cognizable legal theory.'"  Johnson v. Riverside Healthcare

4    System, 534 F.3d 1116, 1121 (9th Cir. 2008)(quoting Balistreri v.

5    Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)).

6         Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short

7    and plain statement of the claim showing that the pleader is entitled

8    to relief."  The Supreme Court explained the pleading requirements of

9    Rule 8(a)(2) and the requirements for surviving a Rule 12(b)(6)

10   motion to dismiss in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct.

11   1937, 173 L. Ed. 2d 868 (2009)("Iqbal"), Erickson v. Pardus, 551 U.S.

12   89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)(_per curiam_), and Bell

13   Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed.

14   2d 929 (2007) ("Twombly").  See also Moss v. U.S. Secret Service, 572

15   F.3d 962 (9th Cir. 2009).

16        The pleading standard of Rule 8 does not require "detailed

17   factual allegations."  Iqbal, 556 U.S. at 678 (quoting Twombly, 550

18   U.S. at 555); see also Erickson, 551 U.S. at 93; Moss, 572 F.3d at

19   968.  However, a complaint does not meet the pleading standard if it

20   contains merely "labels and conclusions" or "a formulaic recitation

21   of the elements of a cause of action."  Iqbal, 558 U.S. at 678

22   (quoting Twombly, 550 U.S. at 555).

23        Instead, to comply with the requirements of Rule 8(a)(2) and

24   survive a motion to dismiss under Rule 12(b)(6), "a complaint must

25   contain sufficient factual matter, accepted as true, to 'state a

26   claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at

27   678 (quoting Twombly, 550 U.S. at 570).  "A claim has facial

28   plausibility when the plaintiff pleads factual content that allows

6

1  the court to draw the reasonable inference that the defendant is

2  liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at

3  556).  This plausibility standard is not a probability requirement,

4  but does ask for more than mere possibility; i.e., if a complaint

5  pleads facts "merely consistent with" a theory of liability, it falls

6  short of "the line between possibility and plausibility." Id.

7  (quoting Twombly, 550 U.S. at 557).

8       If the court finds that a complaint should be dismissed for

9  failure to state a claim, the court has discretion to dismiss with or

10  without leave to amend. Lopez, 203 F.3d at 1126-30.  Leave to amend

11  should be granted if it appears possible that the defects in the

12  complaint could be corrected, especially if the plaintiff is pro se.

13  Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106

14  (9th Cir. 1995).  However, if, after careful consideration, it is

15  clear that a complaint cannot be cured by amendment, the court may

16  dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also

17  Moss, 572 F.3d at 972.

18                              **IV.**

19                           **DISCUSSION**

20  **A.   Plaintiff Does Not Make Any Factual Allegations or Specific**

21       **Claims With Respect to Defendant Lieutenant Ware**

22       Although Plaintiff names a total of twenty-four individual

23  defendants in the caption, he does make any factual allegations or

24  specific claims with respect to defendant Lieutenant Ware.[5]

25  _____

26       [5]  In the original Report and Recommendation issued on September 17,
   2014, the Court recommended dismissal of the claims against CO Ortiz, as
27  well.  However, in his objection, Plaintiff states that the failure to
   allege facts against CO Ortiz was a "clerical" error on his part.
28  Plaintiff further alleges facts regarding CO Ortiz with respect to his

                                    7

Plaintiff's prior complaints suffered from this deficiency as well and Plaintiff was specifically instructed to "name only those defendants for whom he can allege sufficient facts that establish either personal involvement by any of the defendants or any direct causal connection between their actions and the constitutional violations Plaintiff is attempting to assert." See August 7, 2014 Order Dismissing Fourth Amended Complaint With Leave to Amend, dkt. 54. Despite this instruction, Plaintiff has failed to present any facts or allegations with respect to defendant Lieutenant Ware. Accordingly, defendant Lieutenant Ware should be dismissed.

**B.   The USP - Victorville Is Not A Proper Defendant**

As this Court previously advised Plaintiff, the USP - Victorville is not a proper defendant.

The Supreme Court has clearly stated:

> [i]f a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a Bivens claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a Bivens claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 71-72, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001) (emphasis added). The court further

---

Eighth Amendment denial of medical care claim. The Court, thus, will permit Plaintiff to proceed on his claim against CO and has amended the Report and Recommendation accordingly.

8

explained that because the "purpose of <u>Bivens</u> is to deter individual federal officers from committing constitutional violations," the "deterrent effects of the <u>Bivens</u> remedy would be lost" if the Court "were to imply a damages action directly against federal agencies." <u>Id.</u> at 70-71.

Accordingly, the USP - Victorville is an improper defendant in a <u>Bivens</u> action, and should be dismissed.

**C.**   **Plaintiff Fails to Allege Facts Sufficient to State A Claim Against Defendants Unit Manager LeJuene and Counselor Ferguson**

In the FAC, Plaintiff alleges defendants Unit Manager LeJuene and Counselor Ferguson violated his rights to due process by destroying and failing to process his administrative grievances.  The Ninth Circuit has clearly held that "[t]here is no legitimate claim of entitlement to a grievance procedure." <u>Mann v. Adams</u>, 855 F.2d 639 (9th Cir. 1988) (internal citations omitted).  Plaintiff fails to allege any facts which should distinguish his claims from preclusion. Thus, defendants Unit Manager LeJuene and Counselor Ferguson should be dismissed.

**D.**   **All Claims Against Defendants Sued in Their Official Capacity Should Be Dismissed**

It is well-settled that the United States is a sovereign that is immune from suit unless it has expressly waived such immunity and consented to be sued. <u>United States v. Shaw</u>, 309 U.S. 495, 500-01, 60 S. Ct. 659, 84 L. Ed. 888 (1940); <u>Gilbert v. DaGrossa</u>, 756 F.2d 1455, 1458 (9th Cir. 1985).  In addition, the bar of sovereign immunity cannot be circumvented by naming officers and employees of the United States as defendants. <u>Larson v. Domestic & Foreign Commerce Corp.</u>, 337 U.S. 682, 688, 69 S. Ct. 1457, 93 L. Ed. 1628

1    (1949).  Thus, Plaintiff's claims against all defendants in their

2    official capacity must be dismissed.

3    **E.    Dismissal of Defendants USP - Victorville, Lieutenant Ware, Unit**

4         **Manager LeJuene, Counselor Ferguson and All Defendants in Their**

5         **Official Capacity Should be Without Leave to Amend**

6         A <u>pro se</u> litigant must be given leave to amend his or her

7    complaint unless it is absolutely clear that the deficiencies of the

8    complaint cannot be cured by amendment. <u>Noll v. Carlson</u>, 809 F.2d

9    1446, 1448 (9th Cir. 1987). Nevertheless, "[u]nder Ninth Circuit case

10   law, district courts are only required to grant leave to amend if a

11   complaint can possibly be saved. Courts are not required to grant

12   leave to amend if a complaint lacks merit entirely ." <u>Lopez v. Smith</u>,

13   203 F.3d 1122, 1129 (9th Cir. 2000). Where further amendment would be

14   futile, the Court may exercise its discretion and deny leave to

15   amend. <u>Lopez</u>, 203 F.3d at 1129. The trial court's discretion to

16   refuse leave to amend is particularly broad when the court has

17   previously granted leave to amend. <u>Griggs v. Pace Am. Group, Inc.</u>,

18   170 F.3d 877, 879 (9th Cir. 1999).

19        This is Plaintiff's Fifth Amended Complaint. The Court has

20   entered four prior dismissal orders identifying the deficiencies in

21   the prior complaints and granting Plaintiff an opportunity to rectify

22   them.  Thus, as to those respects in which the FAC remains deficient,

23   further leave to amend would be futile and should be denied.

24                                   **V.**

25                            **RECOMMENDATION**

26        IT IS THEREFORE RECOMMENDED that the District Judge issue an

27   order: (1) accepting the findings and recommendations in this Report;

28   (2) dismissing defendants USP - Victorville, Lieutenant Ware, Unit

                                   10

Manager LeJuene, and Counselor Ferguson in both their individual and official capacities from the instant action without leave to amend; and (3) dismissing all claims against defendants in their official capacities without leave to amend.

DATED: October 28, 2014

_____
HON. KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE

11