O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERRICK EUGENE GILMORE,<br><br>    Plaintiff,<br><br>    v.<br><br>USP VICTORVILLE, et al.,<br><br>    Defendants. | Case No. EDCV 13-1698-AG (KK)<br><br>MEMORANDUM AND ORDER DISMISSING ACTION FOR FAILURE TO PAY FILING FEE |

On September 19, 2013, Plaintiff Errick Eugene Gilmore, a federal prisoner proceeding *pro se*, initiated this Bivens[1] civil rights action against various officers at the United States Penitentiary in Victorville, California, where he was previously incarcerated.[2] ECF No. 3. Plaintiff alleges the defendants violated his Eighth Amendment rights by assaulting him and acting with deliberate indifference to his medical needs. See ECF No. 28 at 1-2.

On September 27, 2013, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"). ECF No. 2. Pursuant to the Prison Litigation Reform Act ("PLRA"),

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

[2] Plaintiff is currently incarcerated at the United States Penitentiary in Tuscon, Arizona.

1

the Court ordered Plaintiff to pay an initial partial filing fee ("initial fee") equal to 20 percent of his monthly deposits for "the 6-month period immediately preceding the filing of the complaint."[3]  28 U.S.C. § 1915(b).  Based on deposits of $344.27 in Plaintiff's prison trust account during the preceding six months, the Court ordered Plaintiff to pay an initial fee of $68.00 within 30 days.  See ECF No. 1 at 5; ECF No. 2.

On October 15, 2013, Plaintiff filed a motion for a one-year extension of time to pay the initial fee.  ECF No. 10.  On November 4, 2013, the Court denied Plaintiff's request for a one-year extension, but granted him 30 days' additional time to pay the initial fee.  ECF No. 17.  Plaintiff then filed a motion for leave to appeal the denial of his one-year extension request, which the Court denied.  ECF Nos. 30, 37.

Plaintiff proceeded to make five more requests for extensions of time to pay the initial fee, each of which the Court granted.  ECF Nos. 39, 46, 49, 63, 72.  Most recently, on December 16, 2014, the Court granted Plaintiff until March 6, 2015, to pay the initial fee.  ECF No. 72.  On February 13, 2015, Plaintiff filed a motion for yet another extension of time to pay the initial fee.  ECF No. 78.  The Court denied the motion.  ECF No. 79.

On March 10, 2015, Plaintiff filed an eighth motion for extension of time to pay the initial fee, requesting an additional 90 days.  ECF No. 84.  Plaintiff stated the initial fee had not been paid because "[n]o order on this case has been served [on] the Bureau of Prisons to take money out to pay . . . my Court costs."[4]  Id. at 1.  On March 19, 2015, the

---

[3] Under 28 U.S.C. § 1915(b), if a prisoner brings a civil action *in forma pauperis*, the prisoner shall be required to pay the full amount of the filing fee.  Additionally, "[t]he court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint."  § 1915(b).

[4] Plaintiff further stated he "thought that [the Bureau of Prisons was] paying this honorable Court, but they were actually paying off old costs."  ECF No. 84 at 1.  The

Court issued an Order denying Plaintiff's motion. ECF No. 85. The Court found Plaintiff's alleged excuse that "[n]o order . . . has been served [on] the Bureau of Prisons" lacked merit, explaining: "It is not this Court's responsibility to arrange for the payment of Plaintiff's long-overdue initial filing fee. Rather, that is Plaintiff's responsibility alone." Id. The Court ordered Plaintiff to pay the initial fee of $68.00 "immediately upon receipt of this Order." Id. The Court did not receive any payment.

On April 6, 2015, the Court issued an Order to Show Cause ("OSC") why this action should not be dismissed without prejudice for Plaintiff's failure to timely pay the initial fee. ECF No. 86. On April 23, 2015, Plaintiff filed a response to the OSC, again faulting the Court for failing to send an order to the Bureau of Prisons to take Plaintiff's money to pay the fee. ECF No. 87 at 2. Along with his response, Plaintiff provided the Court a recent prison trust account statement, dated April 15, 2015. Id. at 4. According to the statement, Plaintiff received deposits totaling $136.00 over the previous six months. Id. at 8.

On April 30, 2015, the Court issued an Order reiterating "for the last time that it is Plaintiff's responsibility, not the Court's, to send the Court the initial fee." ECF No. 88 at 2. Out of an abundance of caution, the Court recalculated Plaintiff's initial fee because of the amount of time that lapsed since the original calculation and because of the decrease in Plaintiff's deposits since the original calculation. Id. Thus, based upon the recent six-month deposit amount of $136.00, the Court reduced the initial fee from $68.00 to $27.00. Id. at 3. The Court ordered Plaintiff to pay the new initial fee of $27.00 by May 30, 2015, and warned him that if he did not pay it by that date, the Court would dismiss this case. Id. As of this date, Plaintiff has not paid any portion of the initial fee.

---

Court finds this statement incredible; the fact that Plaintiff filed multiple motions for extensions of time to pay the initial fee proves he knew the Bureau of Prisons was not already paying the Court.

Accordingly, IT IS ORDERED that judgment shall be entered dismissing this action without prejudice due to Plaintiff's failure to comply with 28 U.S.C. § 1915.

DATED: June 9, 2015

_____
HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE